IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

| | | |
|---|---|---|
| **RODERICK JEROME WHITTAKER,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| **FCA US LLC** | * | |
| | * | Civil Action No.: |
| Defendant. | * | |
| | * | |
| Please Serve:<br>CT Corporation System<br>4701 Cox Road, Ste 285<br>Glen Allen, VA 23060 - 6808 | * * * * * | |

## COMPLAINT

Now into Court, through undersigned counsel, comes the Plaintiff, Roderick Jerome Whittaker and moves the Court for judgment against Defendant FCA US LLC on the basis of the following facts and laws:

## JURISDICTION

1. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code §1331. The Plaintiff asserts a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§2301-2312. The amount in controversy exceeds $50,000.00.

2. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code §1332, Plaintiff is a citizen of Va Beach, Virgina and Defendant FCA US LLC is a corporation organized under the laws of Michigan with a principal

place of business in Auburn Hills, Michigan. The amount in controversy exceeds $75,000.00.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code §1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Norfolk Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4. On April 24, 2025, the Plaintiff leased a 2024 Jeep Grand Wagoner L VIN: 1C4SJSGP9RS113435 for $81,021.10 from Southern Dodge Chrysler Jeep Ram Fiat Norfolk in Norfolk, Virginia. Southern Dodge Chrysler Jeep Ram Fiat Norfolk is an authorized dealer of Defendant FCA US LLC for sales and warranty service repair.
5. The Subject Vehicle was manufactured and/or distributed by the Defendant FCA US LLC.
6. The Subject Vehicle came with a 3-year/36,000-mile Basic Limited Warranty and a 5-year/60,000-mile Powertrain Warranty.
7. On or about May 9, 2025, Plaintiff brought the Subject vehicle to Southern Team Auto Group in Norfolk, Virginia for warranty service and repair, stating that there was a vibration at highway speeds 50 and above, the lift gate would not properly

open and electric power steering needed an update. Repair attempts were made for which the Subject Vehicle was out of service for 6 days.

8. On or about May 20, 2025, Plaintiff brought the Subject Vehicle to Southern Team Auto Group in Norfolk, Virginia, stating the driver's side door strip is not secure, vehicle vibrating at speed of 60 to 70 mph, and the liftgate would not properly open. Repair attempts were made and the Subject Vehicle was out of service for 37 days.

9. On or about June 19, 2025, Plaintiff brought the Subject Vehicle to Southern Team Auto Group in Norfolk, Virginia, stating the vehicle started shaking at the left from tire when the Aero mode engaged while traveling 65 mph on the interstate and the liftgate will not open properly. Repair attempts were made and the Subject Vehicle was out of service for 5 days.

10. On or about July 2, 2025, Plaintiff brought the Subject Vehicle to CMA's Valley Chrysler Dodge Jeep Ram located in Staunton, Virginia, stating that the vehicle lost power while driving. Repair attempts were made and the Subject Vehicle was our of service for 18 days.

11. On or about July 23, 2025, Plaintiff brought the Subject Vehicle to Southern Auto Group located in Norfolk, Virginia, stating that the vehicle has a shake when stopping and when it goes into Aero mode driving at highway speeds. Repair attempts were made and the Subject Vehicle was out of service for 55 days.

12. On or about March 11, 2026, Plaintiff brought the Subject Vehicle to Hall Mile One Autogroup located in Virginia Beach, Virginia, stating that the passenger front tire looks excessively worn and the WS front door DLO trim detached.

Repair attempts were made and the Subject Vehicle was out of service for 2 days.

12. Despite multiple repair attempts spanning significant periods, the Plaintiff continues to experience unresolved warranty defects with the vehicle, resulting in a cumulative total of 123 days out of service. This prolonged period of non-conformance has caused significant inconvenience and has not been resolved satisfactorily under the warranty terms.

## COUNT ONE

## VIOLATION OF THE MOTOR VEHICLE WARRANTY ENFORCEMENT ACT VIRGINIA CODE § 59.1-207.11 ET SEQ. *"LEMON LAW"*

13. The facts alleged in Paragraphs 1-12 are re-pled and incorporated herein by reference.

14. The Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act (hereafter referred to as the *"Virginia Lemon Law"*) Virginia Code §59.1-207.11 et seq. Defendant FCA US LLC is a manufacturer as defined by Virginia Code §59.1-207.11 et seq and received due notice under the same statute.

15. In enacting the Virginia Lemon Law, the Virginia General Assembly recognized that *"a motor vehicle is a major consumer purchase, and there is no doubt that a defective motor vehicle creates a hardship for the consumer."* Virginia Code §59.1-207.10. as such, it was *"the intent of the General Assembly that a good faith motor vehicle warranty complaint by a consumer should be resolved by the manufacturer, or its agent, within a specified period of time."* Id. Plaintiff's

defective motor vehicle has in fact, created a serious hardship for Plaintiff and Defendant has failed to resolve the warranty defects despite multiple good faith attempts by Plaintiff.

16. The Virginia Lemon Law requires a manufacturer to conform the motor vehicle to all applicable warranties that are provided to the consumer. See, Virginia. Code §59.1-207.12. The Virginia Lemon Law further states that *"[i]f the manufacturer, its agents or authorized dealers do not conform the motor vehicle to any applicable warranty by repairing or correcting any defect or condition, including those that do not affect the drivability of the motor vehicle, which significantly impairs the use, market value, or safety of the motor vehicle to the consumer after a reasonable number of attempts during the Lemon Law rights period, the manufacturer shall: (1) replace the motor vehicle with a comparable motor vehicle acceptable to the consumer, or (2) accept return of the motor vehicle and refund the consumer, lessor, and any lienholder as their interest may appear the full contract price, including all collateral charges, incidental damages, less a reasonable allowance for the consumer's use of the vehicle up to the date of the first notice of nonconformity that is given to the manufacture, its agents or authorized dealer."* See, Virginia. Code §59.1-207.13(A).

17. Specifically, Virginia Code §59.1-207.13(B)(1) provides that "*It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer… the same nonconformity has been subject to*

*repair three or more times by the manufacturer, its agents or its authorized dealers and the same nonconformity continues to exist*." The Plaintiffs' vehicle has been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value, and safety. The Plaintiff's vehicle has a defective mechanical system that has been the subject of repair three or more times, and the defect still exists. This significantly impairs the use, market value, and safety of the Subject Vehicle.

18. Virginia Code §59.1-207.13(B)(2) states that if the nonconformity or defect is a serious safety defect and has been subject to repair one or more times by the manufacturer, its agents or its authorized dealers and the same nonconformity continues to exist it is presumed the vehicle has been subject to repair a reasonable number of times and the motor vehicle is significantly impaired and unfit, unreliable, and unsafe for ordinary use or reasonable intended purposes. The Plaintiff's vehicle qualifies for this presumption.

19. Defendant has been unable to repair Plaintiff's vehicle after a reasonable number of repair attempts. Specifically, Virginia Code §59.1-207.13(B)(3) provides that "*It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer… the motor vehicle is out of service due to repair for a cumulative total of thirty calendar days, unless such repairs could not be performed because of conditions beyond the control of the manufacturer, its agents or authorized dealers, including war,*

*invasion, strike, fire, flood, or other natural disasters."* The Plaintiff's vehicle has been out of service for more than 30 days and is therefore presumed to have been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value, and safety.

20. Plaintiff seeks to recover as damages for the total delivered price of $ 81,021.10 all collateral charges, finance charges, incidental damages, monetary consequential damages, rescission of the contract, compensation in the amount of $20,000 for inconvenience and loss of use, reasonable attorney's fees at a rate of $750.00 per hour or one-third of whatever is recovered, whichever is greater, and all other relief law and equity may provide. See, Virginia Code §59.1-207.14.

**COUNT TWO**

**MAGNUSON-MOSS WARRANTY ACT**

21. The facts alleged in Paragraphs 1-12 are incorporated herein by reference.

22. The Plaintiff is a consumer as defined in 15 U.S. Code §2301(3). Defendant is a supplier and warrantor as defined in 15 U.S. Code §2301(1).

23. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties met the definition of written warranty and implied warranty as contained in 15 U. S. Code §2301 (6)(7), respectively.

24. The Limited Warranty has failed its essential purpose, and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within

a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code §2304(a)(1) and (4).

25. Defendant has also breached its implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 15 U.S. Code §2308, 2310(d).

26. Based on the foregoing, pursuant to 15 U.S.C 2310 en toto, and especially 15 U.S.C. 2310 (d). Plaintiff moves the Court for all monetary, legal, and equitable relief as allowed by law.

WHEREFORE, Plaintiff Roderick Jerome Whittaker moves the Court for judgement against Defendant in the amount of the purchase price of the Subject Vehicle $81,021.10 as well as all incidental costs, compensation in the amount of $20,000.00 for inconvenience and loss of use, interest payments, reasonable attorney fees in the amount of $750.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-judgement interest running from the date of the first repair attempt, post-judgement interest, court costs, and all other damages, equity and/or law may seem meet.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

**Roderick Jerome Whittaker,**

By: /s/ James B. Feinman, Esq
Of counsel

James B. Feinman, Esq., (VSB # 28125)
James B. Feinman, Attorney at Law
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603 - phone
(434) 846-0158 - fax
jb@jfeinman.com
*Counsel for Plaintiff*